IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCOS ESTAVRO SICKLER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE NATURE OF PRIOR CONVICTION AND GRANTING DEFENDANT'S MOTION IN LIMINE RE: JUSTIFICATION DEFENSE<br><br>Case No. 2:05-CR-577 TS |

Defendant Sickler has filed two Motions in Limine. These Motions came before the Court on an evidentiary hearing on December 7, 2005. The Court made an oral ruling on the Motions at that hearing and this Order reflects that oral ruling.

I. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE NATURE OF PRIOR CONVICTION

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant's prior felony conviction was for possession of a firearm in violation of 18 U.S.C. § 922(j), possession of a stolen firearm. Defendant is prepared to stipulate

1

to the existence of the predicate felony, but seeks to prevent the introduction of evidence revealing the nature of the prior felony.

Both parties and the Court agree that this case is governed by *Old Chief v. United States*.[1] In *Old Chief*, the Supreme Court held that a district court abused its discretion in rejecting the defendant's stipulation to the fact that he was a convicted felon in an 18 U.S.C. § 922(g) prosecution.[2] As a result of this holding, Defendant will be allowed to stipulate to the existence of the predicate felony.

The Tenth Circuit, however, has stated that "*Old Chief* does not require the exclusion of other crimes evidence where there is a stipulation to an element of the charged crime where the evidence is offered to prove an element other than felony-convict status."[3] As a result, the government may be allowed to introduce evidence of Defendant's prior crime, if appropriate under Rule 404(b). The Court notes, however, that based on the information it has about this case at this point, it does not seem likely that the prior conviction is relevant to any Rule 404(b) element. If the government wishes to present 404(b) evidence, the government should make a written motion to that effect.

    II. DEFENDANT'S MOTION IN LIMINE RE: JUSTIFICATION DEFENSE

Defendant seeks to present a defense of justification or necessity. At the December 7, 2005 hearing, the Court heard evidence from two witness, Defendant Sickler and James Moore, concerning the events that transpired the night of Defendant's arrest.

---

[1] 519 U.S. 172 (1997).

[2] *Id*. at 191–92.

[3] *United States v. Tan*, 254 F.3d 1204, 1213 (10th Cir. 2001).

That testimony revealed that at approximately 2:00 a.m. on July 24, 2005, Defendant and Moore were traveling in a car with two females and another male. Defendant stated that they were traveling from Moore's house to Defendant's hotel. At one point, the car pulled over and the passengers changed positions so that someone else could drive. While they were re-entering the car, Moore noticed that the male in the rear of the vehicle had a knife. Defendant testified that this man attempted to stab him. At this point, Moore and Defendant got out of the car and began to walk away from it at a quick pace. Soon after, two more vehicles approached Defendant and Moore. They heard what they believed to be gun shots coming from these cars. Defendant and Moore proceeded to run away.

A short time later, Defendant and Moore again encountered one of the cars that had previously shot at them. A shot was fired from that car. Defendant testified that he threw a rock at the car and the gun was dropped out of the car window. Defendant then ran to pick up the discarded gun as the car was reversing toward him. When Defendant retrieved the gun, he ran to the street where he and Moore attempted to flag down a vehicle. The vehicle from which the gun had been dropped then stopped and parked. Defendant testified that when he was in the street attempting to flag down a car, that the parked vehicle was approximately 100 feet away from him.

In the street, one vehicle passed Defendant without stopping. The second vehicle was an unmarked police car, which stopped. It was estimated that it was approximately 30 seconds between when Defendant picked up the gun and when the unmarked car was flagged down.

It is difficult to successfully raise the defense of necessity.[4] The Tenth Circuit has seemingly adopted the four-part test set out by the Fifth Circuit in *United States v. Gant*.[5] Under that test, Defendant must show: (1) that he was under an unlawful and present, imminent, and impeding threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct; (3) the he had no reasonable legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm; and (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm.[6] An additional factor to consider is whether the possession was any longer than necessary.[7]

Applying these factors to the evidence presented at the evidentiary hearing, the Court finds that Defendant has presented sufficient evidence to make out a *prima facie* case of justification and will allow Defendant to present a justification defense at trial. With regard to the first element, the Court finds a reasonable jury could find that Defendant was under an unlawful, present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury. The testimony presented revealed that Defendant had been shot at on two occasions and that the car where the shots were most recently fired was

---

[4] *United States v. Vigil*, 743 F.2d 751, 756 (10th Cir. 1984) (addressing necessity defense and violation of § 1201(a)).

[5] 691 F.2d 1159 (5th Cir. 1982).

[6] *Vigil*, 743 F.2d at 755 (quoting *Gant* 691 F.2d at 1162–63) (quotation marks, footnotes, and citations omitted).

[7] *See United States v. Panter*, 688 F.2d 268, 272 (5th Cir. 1982); *United States v. Singleton*, 902 F.2d 471, 473 (6th Cir. 1990).

parked a short distance away.  Defendant had no way of knowing whether other weapons were in the vehicle or what the intentions of the occupants were.  It would have been reasonable to assume that since the occupants of that vehicle had fired weapons at him twice, that if the were still armed they might come after him again.  Therefore, Defendant has made a *prima facie* showing on this first element.

Second, the Court finds that a reasonable jury could find that Defendant did not recklessly or negligently place himself in a situation where it would be probable that he would be forced to choose criminal conduct.  While the Court notes that it may not be wise to travel with a group of strangers in a bad neighborhood late at night, the testimony revealed that Defendant was traveling from Moore's home to Defendant's hotel.  One does not act recklessly or negligently merely by going home late at night.

Third, the Court believes that a reasonable jury could find that Defendant had no reasonable legal alternative.  As noted, Defendant had been shot at on two occasions that night.  After the more recent incident, the gun was dropped.  The testimony showed that when the gun was dropped, Defendant ran to pick it up while, at the same time, the car where the shots had originated was moving toward Defendant.  A reasonable jury could find that Defendant did not have another alternative other than picking up the gun.

Fourth, a reasonable jury could find that there was a direct causal relationship between the criminal action taken and the avoidance of the threat.  The testimony showed that Defendant picked up the firearm in order to avoid future harm.

Finally, a reasonable jury could find that Defendant did not possess the firearm any longer than was necessary under the circumstances.  The testimony presented at the evidentiary hearing showed that it was approximately 30 seconds from the time Defendant picked up the gun

5

to when he flagged down the unmarked police car.  The gun was surrendered shortly thereafter.  The Court believes that a reasonable jury could find this short span of time in which Defendant possessed the gun was no longer than was necessary under the circumstances presented here.  As a result of these findings, the Court will grant Defendant's Motion in Limine and will allow him to present a justification defense to a jury.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine Re: Justification Defense (Docket No. 15) is GRANTED.  It is further

ORDERED that Defendant's Motion in Limine to Exclude Nature of Prior Conviction (Docket No. 17) is GRANTED IN PART.  The government may make a written motion to present evidence under Federal Rule of Evidence 404(b).

DATED   December 8, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge